

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SANFORD R. POWELL, #134079 (DOC #1179540),

    Petitioner,

v.                                 ACTION NO. 2:10cv164

GENE M. JOHNSON, Director
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This pro se habeas petition is before the Court on the Respondent's Motion to Dismiss. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the Petitioner, Sanford A. Powell ("Powell" or the "Petitioner") has failed to exhaust state remedies available for the habeas claims he now asserts, the undersigned Recommends that the Motion to Dismiss be GRANTED and that Powell's habeas petition be DISMISSED without prejudice as a result of his failure to exhaust state remedies.

## FACTUAL AND PROCEDURAL HISTORY

Powell is currently serving a life sentence for first degree murder. He was convicted May 11, 1983, in the Circuit Court for Northumberland County, Virginia. His petition does not challenge any aspect of his conviction, but rather the Commonwealth's denial of parole. According to his petition, Powell's case has been reviewed by the Virginia Parole Board ("Board") fifteen times since March of 1995. His last review occurred on October 12, 2009. The petition alleges that on

that date, and on each prior review, the Board has denied his request for parole, identifying the basis for denial as the "serious nature and circumstances of the offense." (Pet. Ex. L, Doc. 1-13).

Powell claims the Board's denials are "unsupported by substantial evidence, arbitrary, capricious, arrived [sic] with prejudice," and that they "violate equal protection in that others no more deserving have received favorable consideration." (Pet., Doc. 1, p. 3). His petition also describes various milestones towards his rehabilitation, including certification in a variety of trades while incarcerated. He seeks an Order "reversing" the denial and directing that a new Board hear his petition for parole.

By Order entered May 20, 2010, the Court directed the Respondent to file an answer and any appropriate motions. On June 15, 2010, the Respondent moved to dismiss Powell's claims, without prejudice, as a result of his failure to exhaust state remedies. The motion states that Powell has not filed any claims for state habeas relief. Powell responded to the motion on July 12, 2010, arguing generally that he believed he had filed appropriately. Powell's response does not identify any state habeas claims related to his denial of parole, or, in fact, any state habeas claims at all.

## ANALYSIS

As an initial matter, the Court notes that Powell captioned his petition as a request for relief under 28 U.S.C. § 2241. Section 2254 of that title is the vehicle which provides a federal remedy to a state prisoner "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner is in custody pursuant to the judgment of a State court and is challenging the very fact of his confinement, specifically, his denial of parole by the Virginia Parole Board. Accordingly, the Court CONSTRUES this action as a habeas petition

2

filed pursuant to 28 U.S.C. § 2254.[1]

Before applying for federal habeas relief, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). A claim is "fairly presented" to the state courts if, on direct appeal or in collateral proceedings "both the operative facts and controlling legal principles" are presented to the state's highest court." Id. at 910-11.

To proceed in this Court under 28 U.S.C. § 2254, therefore, Powell must first present his claims in a state habeas petition. See Johnson v. Virginia Parole Board, 65 Va. Cir. 149 (Fairfax, 2004); Johnson v. Angelone, 42 Va. Cir. 6 (Westmoreland County, 1996) (applying state habeas statute to review of habeas petitioners' claims regarding denial of parole).

Powell does not contest the Respondent's claim that he failed to file a state habeas petition. Instead, he argues that "this same court" previously refused to allow a petitioner to exhaust state remedies. (Pet. Reply, Doc. 10, at 2) (citing Cruz v. Skelton, 543 F.2d 86 (5th Cir., 1976) and Kohlman v. Norton, 380 F. Supp. 1073 (D. Conn., 1974)). The Court notes that neither Cruz nor Kohlman are decisions of "this court" as indicated by the citations. Nevertheless, after examining both cases, the Court finds neither relevant to Powell's claim.

Neither Cruz nor Kohlman involved an argument over exhaustion of state remedies. The Cruz case involved a civil rights challenge under 42 U.S.C. § 1983, to the allegedly discriminatory

---

[1] The Court notes that Powell's claims and the relief he seeks are somewhat unclear. While Powell challenges his continued confinement, he also alleges that, in denying his applications for parole, the Board repeatedly violated his rights under the Equal Protection Clause because "others no more deserving have received favorable consideration" and requests that his application be considered by a "new board." (Pet., Doc. 1 at 4). In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court held that challenges to parole eligibility proceedings that would not necessarily result in speedier release do not "fall within the implicit habeas exception" and are cognizable under 42 U.S.C. § 1983. Id. at 82. The Fourth Circuit has noted that, after Wilkinson, "[i]t is not entirely clear whether a habeas petition under [§ 2254] may also provide an avenue for such a challenge." Townes v. Jarvis, 577 F.3d 543 (4th Cir. 2009). Because it is unclear if Powell is in fact challenging the Board's procedures and because Respondent has not alleged that Powell's claims are more properly brought pursuant to § 1983, the Court will treat his claims as filed. See id. (noting that Wilkinson does not "expressly foreclose" challenging parole ineligibility proceedings in a § 2254 petition and therefore treating the petitioner's claims "as titled by him").

3

granting of parole in the Texas state prison system. The Fifth Circuit affirmed a Texas District Court's denial of Cruz's petition, without addressing any exhaustion claims. Cruz, 543 F.2d. at 95. The Kohlman case did involve a habeas claim that denial of parole was arbitrary and capricious, but again exhaustion was not a factor. In fact, in that case the opinion expressly states that "Petitioner unsuccessfully pursued all administrative remedies." Kohlman, 380 F. Supp. at 1073.

Powell has asserted no basis to excuse the exhaustion requirement, and the Respondent explicitly declined to waive exhaustion in his Motion to Dismiss. As Powell has not contradicted the Respondent's assertion that he failed to exhaust, nor has he affirmatively alleged exhaustion in the underlying petition, it appears, the petitioner has not yet presented his claims to the state court. This Court must decline to reach the merits of his Petition until he has done so. Durkin v. Davis, 538 F.2d 1037, 1041-42 (4th Cir. 1976).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court GRANT the Respondent's Motion to Dismiss and DISMISS Powell's petition for a writ of habeas corpus, without prejudice, as a result of Powell's failure to exhaust state remedies.

## REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

4

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the Petitioner and to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 8, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Sanford R. Powell, #134079 (DOC #1179540)
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891

John Michael Parsons
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

October 8, 2010